1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

13
14

JAMES E. BRYANT,
CDCR #C-48302,

15
16

Plaintiff,

vs.

17
18

A.L. PINEDA, Correctional Lieutenant,

Defendant.

19

Civil No.    08-1239 BTM (CAB)

**ORDER SUA SPONTE DISMISSING
COMPLAINT FOR FAILING TO STATE
A CLAIM PURSUANT TO
28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

20
21

**I.**

22

**PROCEDURAL HISTORY**

23
24
25
26
27
28

On August 21, 2008, Plaintiff, an inmate currently incarcerated at the California Substance Abuse Treatment Facility located in Corcoran, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].  The Court granted Plaintiff's Motion to Proceed *IFP* on November 3, 2008 [Doc. No. 7].

1     On November 26, 2008, this matter was reassigned to District Judge Barry Ted

2   Moskowitz for all further proceedings [Doc. No. 9].

3                                          **II.**

4               **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

5     The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints

6   filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained

7   in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of

8   criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary

9   program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

10  Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any

11  portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

12  defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203

13  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,

14  446 (9th Cir. 2000) (§ 1915A).

15     "[W]hen determining whether a complaint states a claim, a court must accept as true all

16  allegations of material fact and must construe those facts in the light most favorable to the

17  plaintiff." *Resnick*, 213 F.3d at 447.  In addition, the Court's duty to liberally construe a pro se's

18  pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is

19  "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.

20  1992).

21     Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person

22  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

23  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

24  United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*

25  *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d

26  1350, 1354 (9th Cir. 1985) (en banc).

27  / / /

28  / / /

**A.      Fourteenth Amendment Due Process Claims**

In his Complaint, Plaintiff alleges that he was charged with mutual combat with another inmate in January of 2004.  (*See* Compl. at 2-4.)  As a result, Plaintiff was placed in Administrative Segregation ("Ad-Seg") and given single cell status.  (*Id.*)  Plaintiff later learned in December of 2007 that Defendant Pineda had authored a confidential memorandum in January of 2004 in which Plaintiff was accused of asking another inmate for sexual favors in conjunction with the mutual combat charges.  (*Id.* at 4.)   Plaintiff claims Defendant Pineda violated his Fourteenth Amendment due process rights by writing a "bogus" memorandum, and alleges that if Pineda had followed "procedural safeguards," he might not have "erred in manufacturing a fraudulent report." (*Id.* at 7.)  However, Plaintiff also states that during his disciplinary hearing for the mutual combat charge on February 26, 2004, Lieutenant Beeler, who was presiding over the hearing, made a finding that this "confidential memorandum" had no "relevance to the charge of mutual combat" and "elected not to use it in the adjudication of the disciplinary hearing." (*Id.*)  Thus, it does not appear, based on the allegations set forth by Plaintiff, that this confidential memorandum has had any impact on his disciplinary hearings or classification.

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1.  This Clause clothes individuals with the right to both substantive and procedural due process. *United States v. Salerno*, 481 U.S. 739, 746 (1987).  Substantive due process "prevents the government from engaging in conduct that shocks the conscience ... or interferes with rights implicit in the concept of ordered liberty." *Id.* (internal quotation marks and citations omitted).  Procedural due process requires that the government's deprivation of life, liberty, or property, even if consistent with substantive due process, "be implemented in a fair manner." *Id.* (internal quotation marks and citation omitted).

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1. In order to state a cause of action for deprivation of procedural due process under the Fourteenth Amendment, however, Plaintiff must first allege the existence of a liberty interest for

which the protection is sought. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (the Due Process Clause protects prisoners from being deprived of liberty without due process of law). However, the Supreme Court has significantly limited the instances in which due process can be invoked after conviction.  Pursuant to *Sandin v. Conner*,  515 U.S. 472, 483 (1995), a prisoner can generally show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison life."  *Id.* at 484 (citations omitted); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate enjoys no liberty interest in freedom from state action which is ordinarily contemplated by a prison sentence) (quotations omitted).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, that the inclusion of false information in his C-File is "the type of atypical, significant deprivation [that] might conceivably create a liberty interest."  *Id.* at 486; *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (finding no liberty interest in prison grievance procedure unless inmate alleges facts to show the state action "nonetheless imposes some 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" (quoting *Sandin*, 515 U.S. at 484).  In other words,  Plaintiff has failed to allege how the existence of false information in his C-File imposed upon him an "atypical" or "significant hardship" which was not of the same sort ordinarily contemplated by a prison sentence.  *May*, 109 F.3d at 565. In fact, Plaintiff specifically alleges that the Hearing Officer made a finding that this confidential memorandum drafted by Pineda was irrelevant and "elected not to use it in the adjudication of the disciplinary hearing."  (*See* Compl. at 4.) Unless Plaintiff alleges "a dramatic departure from the basic conditions" of his confinement, no liberty interest exists, and the procedural protections of the Fourteenth Amendment do not apply.  *Sandin*, 515 U.S. at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *as amended* 135 F.3d 1318 (9th Cir. 1998). Plaintiff's Complaint makes no such  allegation.  Accordingly, because Plaintiff's Complaint fails to make these fundamental allegations, he has failed to allege a liberty interest, and thus has failed to state a

1   due process claim.  *See May*, 109 F.3d at 565; *Hewitt v. Helms*, 459 U.S. 460, 466 (1983);

2   *Sandin*, 515 U.S. at 486.

3        Accordingly, Plaintiff's Complaint is dismissed for failing to state a claim upon which

4   relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  *See Lopez*, 203 F.3d

5   at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

6                                            **III.**

7                                 **CONCLUSION AND ORDER**

8        Good cause appearing, **IT IS HEREBY ORDERED** that:

9        Plaintiff's Complaint [Doc. No. 1] is **DISMISSED** without  prejudice for failing to state

10   a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

11   However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is  "Filed"

12   in which to file a First Amended Complaint which cures all the deficiencies of pleading noted

13   above.  Defendants not named and all claims not re-alleged in the Amended Complaint will be

14   deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

15

16   DATED:  February 11, 2009

17

18                                    Honorable Barry Ted Moskowitz
                                      United States District Judge

19

20