# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| JAMES E. BRYANT, CDCR #C-48302,<br><br>Plaintiff,<br><br>vs.<br><br>A.L. PINEDA, Correctional Lieutenant,<br><br>Defendant. | Civil No. 1:08cv1239-BTM (CAB)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

Plaintiff, an inmate currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, is proceeding pro se and in forma pauperis with a First Amended civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 11.) Plaintiff alleges that he has been deprived of his personal property and classified as a sexual predator without due process of law in violation of the federal Constitution and state law. This matter has been assigned to Southern District of California District Judge Barry Ted Moskowitz.

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those incarcerated in state prison "as soon as

practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must sua sponte dismiss any such complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); Resnick v. Hayes, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick, 213 F.3d at 447. In addition, the Court's duty to liberally construe a pro se litigant's pleading, see Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 328 (1986); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1. The procedural guarantees of federal due process apply only when a constitutionally-protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Board of Regents v. Roth, 408 U.S. 564, 569 (1972); Schroeder v. McDonald, 55 F.3d 454, 462 (9th Cir. 1995). Liberty interests can arise from the federal Constitution or may be created by state laws or regulations. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974); Smith v. Sumner, 994 F.2d 1401, 1405-06 (9th Cir. 1993). However, a state prisoner can generally show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

1 | Plaintiff alleges that two inmates named Matthew Fields and "H" stole Plaintiff's radio, and ordered inmate Jones, an enemy of Plaintiff, to start a fight with Plaintiff in order to have him removed from the yard, and to invent a story to tell staff which would prevent Plaintiff's return to the yard. (First Amended Complaint "FAC" at 5-6.) Jones did just that, inventing a story involving coercive sexual conduct, and Plaintiff was placed in Administrative Segregation for mutual combat with Jones. (Id. at 6.) Plaintiff alleges that Defendant A.L. Pineda, a correctional officer, violated prison regulations by writing a confidential report which included Jones' sexual allegations without interviewing Plaintiff and without developing evidence substantiating Jones' allegations. (Id. at 6-7.)

Plaintiff stated in his Original Complaint that during his disciplinary hearing for the mutual combat charge the presiding officer made a finding that the confidential memorandum had no "relevance to the charge of mutual combat" and "elected not to use it in the adjudication of the disciplinary hearing." (Compl. at 3.) Nevertheless, Plaintiff claims that the false allegations by Jones contained in Defendant Pineda's confidential memorandum remain in his prison file, which has caused Plaintiff "to be housed alone and classified as a danger to others or a sexual predator . . ." (FAC at 11.) Plaintiff seeks declaratory and injunctive relief, including the replacement of his radio, and damages. (FAC at 13-14.)

Plaintiff is unable to demonstrate the existence of a liberty interest arising from the alleged violation of prison regulations by Defendant Pineda. The Supreme Court in Sandin "refocused the test for determining the existence of a liberty interest away from the wording of prison regulations and toward an examination of the hardship caused by the prison's challenged action relative to the 'basic conditions' of life as a prisoner." Mitchell v. Dupnik, 75 F.3d 517, 522 (9th Cir. 1996) (citing Sandin, 515 U.S. at 484). Rather, after Sandin, a state-created liberty interest under the Due Process Clause of the Fourteenth Amendment arises only if Plaintiff alleges facts which show a change in his confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (citations omitted); Neal v. Shimoda, 131 F.3d 818, 827-28 (9th Cir. 1997). Plaintiff must allege facts to show "a dramatic departure from the basic conditions" of his confinement before he can

state a procedural due process claim. Id. at 485.

The Ninth Circuit has applied Sandin's procedural due process analysis to a claim somewhat similar to Plaintiff's. In Neal, the Court considered a due process challenge to Hawaii's Sex Offender Treatment Program which labeled all persons in state custody convicted of specified sex crimes as "sex offenders" and compelled their participation in a psycho-educational treatment program as a pre-requisite to parole eligibility. Neal, 131 F.3d at 821-22. The Ninth Circuit found that the "stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections." Id. at 830. The Ninth Circuit then concluded that, under these circumstances, procedural safeguards similar to those set forth in Wolff v. McDonnell, 418 U.S. 539 (1974) were required. Id. at 830-31.

Unlike the prisoner in Neal, Plaintiff has not alleged facts which constitute a "dramatic departure" from the basic conditions of prison life sufficient to create a protected liberty interest. Sandin, 515 U.S. at 486. Rather, Plaintiff merely alleges that he is subject to being housed in a single cell, and is informally classified as a sexual predator. There are no allegations that he is subject to sex offender classification such as the prisoner in Neal, or that the information contained in his prison file will result in his having to complete prison programs before becoming eligible for parole release as in Neal. The vague allegations regarding the effect on Plaintiff's conditions of confinement are insufficient to allege the deprivation of a liberty interest under Sandin. Unless Plaintiff alleges specific facts showing that he is subject to "a dramatic departure from the basic conditions" of his confinement, no liberty interest exists, and the procedural protections of the Fourteenth Amendment do not apply. Sandin, 515 U.S. at 485; see also Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996), as amended 135 F.3d 1318 (9th Cir. 1998).

To the extent Plaintiff intended to present a claim that he was deprived of his radio without due process of law in violation of the Fourteenth Amendment, such a claim does not state a federal cause of action under section 1983 where Plaintiff has an adequate post-

deprivation state remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). The California Tort Claims Act provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). There are no allegations in the First Amended Complaint which would support a due process claim based on the loss of Plaintiff's radio.

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. To the extent Plaintiff purports to bring claims under state law, the Court has power to hear and decide supplemental state law claims as long as Plaintiff has stated a valid section 1983 claim. Acri v. Varian Associates, 114 F.3d 999, 1000 (9th Cir. 1998) (en banc). The Court is under no duty at this time to sua sponte consider whether to accept or decline supplemental jurisdiction over any state law claims which may be included in the First Amended Complaint. Id. The Court will make the determination whether or not to accept supplemental jurisdiction over such claims, if at all, at a later stage of these proceedings, and only if Plaintiff successfully amends his pleading to state a federal claim.

## **CONCLUSION AND ORDER**

**IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) for failing to state a claim upon which relief may be granted. Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

DATED: April 9, 2009

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge