**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

FRESNO DIVISION

| | |
|---|---|
| JAMES E. BRYANT,<br>CDCR #C-48302,<br><br>                                    Plaintiff,<br><br>vs.<br><br>A.L. PINEDA, Correctional Lieutenant,<br><br>                                    Defendant. | Civil No.     1:08cv1239-BTM (CAB)<br><br>**ORDER SUA SPONTE DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

**I.**

**PROCEDURAL HISTORY**

Plaintiff, an inmate currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, is proceeding pro se and in forma pauperis with a Second Amended civil rights Complaint pursuant to 42 U.S.C. § 1983.  The Court has previously dismissed Plaintiff's original Complaint, as well as his First Amended Complaint, for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (*See* Feb. 12, 2009 Order at 5; *see also* April 9, 2009 Order at 5.)

1  Plaintiff was notified of all the deficiencies of pleading found in his First Amended
2 Complaint but permitted one final opportunity to correct these issues by filing a Second
3 Amended Complaint. *See* Apr. 9, 2009 Order at 5. Plaintiff filed his Second Amended
4 Complaint ("SAC") on June 18, 2009 [Doc. No. 16].

## II.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(E)(2)(B) & 1915A

7  The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints
8 filed by all persons proceeding IFP and by those incarcerated in state prison "as soon as
9 practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must sua
10 sponte dismiss any such complaint, or any portion thereof, which is frivolous, malicious, fails
11 to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C.
12 §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
13 (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

14  Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
15 acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
16 the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
17 United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*
18 *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d
19 1350, 1354 (9th Cir. 1985) (en banc).

20  In his Second Amended Complaint, Plaintiff names only one Defendant, Correctional
21 Lieutenant A.L. Pineda. (*See* SAC at 1, 3.) Plaintiff alleges two inmates, Jones and Field,
22 conspired to start a fight with Plaintiff in order to steal his property and have him removed from
23 the prison yard. (*See* SAC at 8-9.) In order to have Plaintiff moved out of the yard, Plaintiff
24 alleges the inmates accused him of coercive sexual conduct. (*Id.* at 8).

25  Plaintiff alleges that following this incident, Defendant Pineda "interviewed Tyrone
26 Jones, took [Jones'] statement at face value" and never "interviewed Plaintiff or questioned
27 Plaintiff to-date in regards or concerning the incident" in violation of CDCR regulations. (*Id.*
28 at 9.) Plaintiff attaches the form filled out by Defendant Pineda following the incident with Jones

1  as an Exhibit. (*See* Pl.'s SAC, Ex. "B," Confidential Information Disclosure Form dated January
2  17, 2004.") According to this document, Defendant Pineda purportedly wrote "[Plaintiff]
3  committed an act of battery on inmate Jones K-17066 which lead to a mutual combat in the D4
4  Dayroom on 1/16/04." (*Id.*)  This document was to be placed in the "confidential folder of
5  [Plaintiff's] Central File." (*Id.*) There is no mention of identifying Plaintiff as a sexual offender
6  in this document.

7  Plaintiff's only claims against Defendant Pineda are those that he alleges arise from the
8  Due Process Clause of the Fourteenth Amendment.  The Due Process Clause of the Fourteenth
9  Amendment prohibits states from depriving "any person of life, liberty, or property, without due
10 process of law." U.S. CONST. AMEND. XIV, § 1.  The procedural guarantees of federal due
11 process apply only when a constitutionally-protected liberty or property interest is at stake. *See*
12 *Ingraham v. Wright*, 430 U.S. 651, 672 (1977).  Liberty interests can arise from the federal
13 Constitution or may be created by state laws or regulations. *See Hewitt v. Helms*, 459 U.S. 460,
14 466 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-27 (1976); *Wolff v. McDonnell*, 418 U.S. 539,
15 557-58 (1974).  However, a state prisoner can generally show a liberty interest under the Due
16 Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that
17 imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents
18 of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

19 Plaintiff fails to allege any facts regarding what happened to him in 2004 following
20 Defendant Pineda's alleged insufficient investigation of the incident between Plaintiff and the
21 other inmates.  The basis of Plaintiff's allegations appear to be that this confidential
22 memorandum authored by Defendant Pineda in 2004 led to Plaintiff's single cell status in 2008,
23 as well as identifying Plaintiff as a sexual offender. (*See* Pl.'s SAC at 16-17; *see also* Ex. "C,"
24 Committee Action Summary dated June 12, 2008.)

25 Plaintiff has been informed by the Court on two previous occasions that he must be able
26 to demonstrate the existence of a liberty interest arising from the alleged violations of prison
27 regulations by Defendant Pineda in 2004. (*See* Feb. 12, 2009 Order 3-5; *see also* Apr. 9, 2009
28 Order at 3-4.)   He has failed to do so.  The Supreme Court in *Sandin* "refocused the test for

1 determining the existence of a liberty interest away from the wording of prison regulations and
2 toward an examination of the hardship caused by the prison's challenged action relative to the
3 'basic conditions' of life as a prisoner." *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996)
4 (citing *Sandin*, 515 U.S. at 484). Rather, after *Sandin*, a state-created liberty interest under the
5 Due Process Clause of the Fourteenth Amendment arises only if Plaintiff alleges facts which
6 show a change in his confinement that imposes an "atypical and significant hardship . . . in
7 relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (citations omitted);
8 *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). Plaintiff must allege facts to show "a
9 dramatic departure from the basic conditions" of his confinement before he can state a
10 procedural due process claim. *Id.* at 485.

11 From 2004 to 2007, Plaintiff alleges no facts that show a "dramatic departure" in the
12 conditions of his confinement. It is not until 2008 that Plaintiff indicates that he was housed in
13 a single cell. *See* Exhibit C (noting placement in a single cell due to Plaintiff's sexual
14 misconduct). Placement in a single cell is not such an atypical and significant hardship that
15 would support a due process claim. *See, e.g.*, *Winbush v. Norris*, 2006 WL 2252539 (E.D. Ark.
16 Aug. 7, 2006) ("Plaintiff's assignment to a single-man cell, standing alone, cannot be said to
17 constitute an 'atypical and significant hardship' in relation to what can reasonably be expected
18 in the prison environment, and is certainly not a 'dramatic departure from the basic conditions'
19 of his confinement."). There are no facts that suggest any "atypical and significant hardships"
20 sufficient to satisfy *Sandin* in the three years following Defendant Pineda's investigation of the
21 incident that occurred in 2004.

22 Thus, Plaintiff's claims against Defendant Pineda are dismissed for failing to state a claim
23 upon which relief can be granted.

24 Finally, because Plaintiff cannot identity a violation of a federal law as to Defendant
25 Pineda, the Court exercises its discretion to dismiss Plaintiff's pendent state law claims without
26 prejudice. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of America v. Gibbs*, 383 U.S. 715,
27 726 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be
28 dismissed as well.").

## IV.

## CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

Plaintiff's Second Amended Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.**  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

The Clerk shall close the file.

DATED:  July 31, 2009

*[signature: Barry Ted Moskowitz]*

Honorable Barry Ted Moskowitz
United States District Judge