# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| JAMES E. BRYANT, CDCR #C-48302,<br><br>              Plaintiff,<br>vs.<br>A.L. PINEDA, Correctional Lieutenant,<br>              Defendant. | Civil No.   1:08cv1239-BTM (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**<br><br>**[Doc. No. 19]** |

## I.
### PROCEDURAL HISTORY

Plaintiff, an inmate currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court has previously dismissed Plaintiff's original Complaint, as well as his First Amended Complaint, for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Feb. 12, 2009 Order at 5; *see also* April 9, 2009 Order at 5.

Plaintiff was notified of all the deficiencies of pleading found in his First Amended Complaint but permitted one final opportunity to correct these issues by filing a Second Amended Complaint. *See* Apr. 9, 2009 Order at 5. Plaintiff filed his Second Amended Complaint ("SAC") on June 18, 2009 [Doc. No. 16]. The Court found that Plaintiff, once again, failed to state a claim against Defendant Pineda and dismissed Plaintiff's Second Amended Complaint without leave to amend. *See* Aug. 4, 2009 Order at 5.

On August 12, 2009, Plaintiff filed a "Motion to Reconsider Order Sua Sponte Dismissing Second Amended Complaint" or in the alternative, a "Motion for Leave to Take an Interlocutory Appeal." [Doc. No. 19]

## II.

### PLAINTIFF'S MOTION FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).

Plaintiff states in his Motion that the Court erred when the Court found that Plaintiff did not properly allege a Fourteenth Amendment due process claim. Plaintiff was repeatedly informed by the Court that in order to properly allege a Fourteenth Amendment due process claim he must adequately allege a liberty interest. The Supreme Court has held that a state prisoner can only demonstrate a liberty interest under the Fourteenth Amendment if he adequately alleges a change in confinement that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff failed to heed the Court's instructions and fails to provide any new set of facts in his Motion that would warrant a change in the Court's previous rulings.

To the extent that Plaintiff claims he needs a cellmate who can summon medical attention for him due to his asthma and heart problems, he should file a separate action regarding the alleged inadequate care after he properly exhausts his available administrative remedies.

Thus, the Court finds that Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed

1  to identify any intervening changes in controlling law that would demand reconsideration of the
2  Court's August 4, 2009 Order.  *School Dist. No. 1J v. AcandS, Inc.*, 5 F.3d at 1255, 1263 (9th
3  Cir. 1993) (citations omitted).
4       Plaintiff also seeks "in the alternative, motion for leave to take an interlocutory appeal."
5  Pl.'s Mot. at 1.  This request is moot in light of the Court's entering a final judgment on August
6  4, 2009 [Doc. No. 18].  Plaintiff may file an appeal from that order.

8  ### III.
9  ### CONCLUSION AND ORDER
10       Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 19].
11  **IT IS SO ORDERED.**
12  DATED:  August 28, 2009

13  _____
14  Honorable Barry Ted Moskowitz
    United States District Judge